USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTURO VOLQUEZ,

                Plaintiff,

v.

RANDY MANAGEMENT, INC. and
DENNIS GOMEZ,

                Defendants.

17-CV-9117 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Arturo Volquez brought this action against Defendants Randy Management, Inc. and Dennis Gomez for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement. For the reasons that follow, the Court will not approve the settlement agreement at this time.

## DISCUSSION

    Employers who violate the FLSA's wage and overtime requirements are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Rubinov*, No. 15-CV-1951 (PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Under the terms of the settlement agreement, Defendants agree to pay Plaintiff $25,000 in exchange for a mutual release of claims. However, the parties "do not proffer any calculation of plaintiff's best-case potential recovery" that would enable the Court to evaluate whether the settlement amount is fair and reasonable. *Garcia v. Jambox, Inc.*, 14-cv-3504 (MHD), 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015). Without an estimate of the amount Plaintiff would be able to recover if he prevailed at trial, the Court cannot approve the agreement as fair and reasonable at this time.

The parties also ask the Court to approve the agreement's provision for attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney,

2

the date, the hours expended, and the nature of the work done." *Id.* Here, however, Plaintiff's counsel has provided no billing records to support their request for approval on an $8,677.03 award for attorney's fees and costs. The Court cannot approve the award as fair and reasonable without such documentation.

Finally, the Court will not approve the settlement agreement because its release provision is overbroad. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiff has agreed to waive "any and all claims of any and every nature . . . including, but not limited to, all matters which were asserted or could have been asserted in this action arising out of Employee's employment with Employer." Agreement at ¶ 4. This provision "extends beyond the claims at issue in this action" and the Court will not approve it. *Id.*; *see also Lazaro-Garcia v. Sengupta Food Servs., et al.*, 15-cv-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable).

Nor will the Court approve the overbroad release provision merely because it is mutual. Although some courts in this District have approved sweeping release provisions on the basis of their mutuality, *see, e.g., Cionca v. Interactive Realty, LLC*, No. 15-cv-05123 (BCM), 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016), this Court has expressly declined to do so, "'absent a sound explanation for how this broad release benefits the plaintiff employee,'" *Larrea v. FPC Coffees Realty Co.*, 15-cv-1515 (RA), 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) (quoting

3

*Gurung*, 226 F. Supp. 3d at 229). As the parties have not explained how the broad release provision benefits Plaintiff, the Court will not approve it.

## CONCLUSION

For the reasons stated above, the Court will not approve the parties' settlement agreement at this time. The parties may proceed as follows no later than February 8, 2019:

1. The parties may file a revised settlement agreement that addresses the concerns expressed in this order;

2. The parties may file a joint letter indicating their intention to abandon the settlement agreement and continue pursuing this litigation; or

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. See *Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: January 11, 2019
New York, New York

Ronnie Abrams
United States District Judge

4